## CUTCLIFF v. STATE. (6 Div. 68.)

(Court of Appeals of Alabama. Jan. 30, 1923.)

Criminal law ⊚⇒413(2), 1170(4)—Exclusion of evidence defendant went to detectives to explain possession of property held not error, where no effort to prove flight, and evidence was later admitted.

In a prosecution for grand larceny, it was not error to exclude defendant's testimony that, on receiving information he was suspected, he went to the detectives' office with the idea of informing the detectives how he got the car and from whom, where no effort was made to prove flight as self-serving declarations are generally inadmissible, and where, thereafter, defendant was permitted to testify to the facts thereby sought to be proved, except as to the undisclosed motive.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Walter Cutcliff was convicted of grand larceny, and he appeals. Affirmed.

Murphy & Hanna, of Birmingham, for appellant.

Where one is accused of having stolen property in his possession, any remarks he might make in explaining his possession are a part of the res gestæ, and are admissible to show what interest he had in the property. 103 Ala. 40, 16 South. 12; 73 Ala. 23; 116 Ala. 445, 23 South. 40.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The evidence for the state tended to prove the state's case and the evidence for defendant tended to establish defendant's innocence. On the trial, while defendant was being examined as a witness in his own behalf, defendant offered to prove that the defendant went down to the detectives' office in the city of Birmingham, after receiving information or intimation that he was suspected or accused of having stolen the car, and that he went to the detectives' office with the idea of informing the detectives' office how he got this car and from whom. The court sustained objection to this testimony, which was proper. No effort had been made to prove flight, and self-serving declarations are inadmissible generally. However, after the objection had been sustained, defendant was permitted to testify to the facts sought to have been proven, except to the undisclosed motive. The exception is without merit.

There is no error in the record and the judgment is affirmed.

Affirmed.